# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| VIDEOLABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACER INC. and ACER AMERICA CORPORATION, <br><br> Defendants. | Civil Action No. 22-cv-719 <br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiff VideoLabs, Inc. ("Plaintiff" or "VideoLabs"), for its complaint against Defendants Acer Inc. and Acer America Corporation (collectively, "Defendants" or "Acer"), hereby alleges and states the following:

## INTRODUCTION

1.   This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendants' unauthorized and ongoing actions of making, having made, using, selling, having sold, offering to sell, importing, and/or having imported into the United States products that infringe or enable the infringement of one or more claims of United States Patent No. 7,769,238 (the "238 Patent"), United States Patent No. 8,139,878 (the "878 Patent"), United States Patent No. 8,208,542 (the "542 Patent"), and United States Patent No. 7,372,452 (the "452 Patent") (collectively, the "Asserted Patents"), including, without limitation, desktop computers, laptop computers, and tablet computers (the "Accused Products").

## THE PARTIES

2. VideoLabs is a corporation organized and existing under the laws of Delaware with a principal place of business at 2303 Saint Francis Drive, Palo Alto, California 94303.

3. VideoLabs is a professional intellectual property services company and licensing platform with a primary focus on acquiring and licensing high-quality patents relevant to the broader video ecosystem.

4. Defendant Acer Inc. is a foreign corporation organized and existing under the laws of Taiwan, with its principal place of business at 8F, 88, Sec. 1, Xintai 5th Road, Xizhi, New Taipei City 221, Taiwan.

5. Defendant Acer America Corporation is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 1730 N. 1st Street, Suite 400, San Jose, California 95112.

6. Defendant Acer Inc. is the parent corporation of or otherwise controls Defendant Acer America Corporation.

## JURISDICTION AND VENUE

7. This lawsuit is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants because they have, directly and/or through agents and/or intermediaries, committed acts and continue to commit acts of patent infringement, including within Texas, giving rise to this action and have established minimum contacts with Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Defendants, directly and/or indirectly at least through

agents and intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, selling, offering to sell, and importing the Accused Products.

10. On information and belief, Defendants regularly conduct business in Texas, including in this District, and purposefully avail themselves of the privileges of conducting business in Texas and this District. In particular, on information and belief, Defendants, and/or their agents and/or intermediaries, make, use, import, offer for sale, sell, and/or advertise their products and affiliated services in Texas and this District, including but not limited to the Accused Products, sufficient to give rise to jurisdiction. On information and belief, Defendants have placed and continue to place Accused Products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the United States, including in Texas and specifically including in this District.

11. On information and belief, Defendants derive substantial revenue from the sale of Accused Products distributed within Texas, including within this District, and/or expect or should reasonably expect their actions to have consequences in Texas. In addition, on information and belief, Defendants knowingly induce, and continue to knowingly induce, infringement of the Asserted Patents within Texas and within this District by offering for sale, selling, and/or contracting with others to market Accused Products with the intent to facilitate infringing use of the products by others and by creating and/or disseminating product information and other materials providing instruction for infringing use.

12. Defendants' infringing activity has led to foreseeable harm and injury to VideoLabs.

13. Venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b). Defendant Acer Inc. is not resident in the United States, and thus venue is appropriate in this District under 28 U.S.C. § 1391(c)(3). In addition to the facts set forth above, Defendant Acer America Corporation has committed acts of infringement in this District and has a regular and established place of business in this District, including at least because it conducts business at least through its service center located in this District at 1394 Eberhardt Road, Temple, Texas 76504.

## BACKGROUND

14. On information and belief, to the extent applicable, VideoLabs has complied with 35 U.S.C. § 287, at least because Defendants have knowledge of the Asserted Patents and notice of their infringement thereof.

15. Defendants have had notice of their infringement of at least the 238 Patent, 878 Patent, and 452 Patent since at least as early as April 27, 2022, when VideoLabs sent a notice letter to Defendants informing them of their infringement.

16. Defendants have had knowledge of VideoLabs' portfolio and their infringement thereof since at least as early as March 2021, when VideoLabs first contacted them to discuss licensing negotiations.

17. Defendants further have had notice of their infringement of each of the Asserted Patents at least as of the filing and service of this Complaint.

18. Despite Defendants' knowledge of the Asserted Patents and notice of their infringement thereof, Defendants continue to engage in infringing activities within the United States.

## COUNT I
### (Infringement of U.S. Patent No. 7,769,238)

19. VideoLabs re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

20. The 238 Patent was duly and legally issued for "Picture Coding Method and Picture Decoding Method" on August 3, 2010. The 238 Patent is in full force and effect. A true and correct copy of the 238 Patent is attached hereto as Exhibit 1.

21. VideoLabs is the assignee and owner of the 238 Patent with the exclusive right to enforce the 238 Patent against Defendants and the exclusive right to collect damages from Defendants for infringement of the 238 Patent for all relevant times, including the right to prosecute this action.

22. On information and belief, Defendants directly infringe, and have directly infringed, all claims of the 238 Patent either literally or under the doctrine of equivalents, without authority, consent, right, or license, by making, using, offering to sell, or selling within the United States, or importing into the United States, the Accused Products.

23. As shown in the claim chart attached hereto as Exhibit 2, the Accused Products practice all elements of at least claim 1 of the 238 Patent. Exhibit 2 is representative of the manner of infringement of all of Defendants' Accused Products.

24. Defendants also actively induce and/or contribute to, and have induced and/or contributed to, infringement of the 238 Patent under 35 U.S.C. §§ 271(b) and (c), either literally or under the doctrine of equivalents, and continue to do so. Defendants have knowledge of the 238 Patent and notice of their infringement thereof. Defendants actively induce their customers to purchase and use the Accused Products such that the customers directly infringe the 238 Patent. For example, Defendants provide manuals to their customers instructing them to use the

Accused Products to directly infringe the Asserted Claims of the 238 Patent, including, for example, to play certain types of video.[1] Defendants further assist customers in installing, maintaining, testing, and using the Accused Products such that customers directly infringe the 238 Patent. Defendants also contribute to others practicing the 238 Patent because Defendants sell and offer to sell the Accused Products for use in practicing the 238 Patent and Defendants know that the Accused Products are especially made or adapted to practice the Asserted Claims and are not staple articles of commerce suitable for substantial non-infringing use.

25. As a result of Defendants' infringing conduct, VideoLabs has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284, including past damages under 35 U.S.C. § 287.

## COUNT II
### (Infringement of U.S. Patent No. 8,139,878)

26. VideoLabs re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

27. The 878 Patent was duly and legally issued for "Picture Coding Method and Picture Decoding Method" on March 20, 2012. The 878 Patent is in full force and effect. A true and correct copy of the 878 Patent is attached hereto as Exhibit 3.

28. VideoLabs is the assignee and owner of the 878 Patent with the exclusive right to enforce the 878 Patent against Defendants and the exclusive right to collect damages from

---

[1] *See, e.g.*, https://store.acer.com/en-us/spin-5-laptop-sp513-55n-70v2; https://global-download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_2.0_A_A.pdf?acerid=637723024218539895&Step1=NOTEBOOK&Step2=SPIN&Step3=SP513-41N&OS=ALL&LC=en&BC=ACER&SC=PA_6 at 12.

Defendants for infringement of the 878 Patent for all relevant times, including the right to prosecute this action.

29. On information and belief, Defendants directly infringe, and have directly infringed, all claims of the 878 Patent either literally or under the doctrine of equivalents, without authority, consent, right, or license, by making, using, offering to sell, or selling within the United States, or importing into the United States, the Accused Products.

30. As shown in the claim chart attached hereto as Exhibit 4, the Accused Products practice all elements of at least claim 1 of the 878 Patent. Exhibit 4 is representative of the manner of infringement of all of Defendants' Accused Products.

31. Defendants also actively induce and/or contribute to, and have induced and/or contributed to, infringement of the 878 Patent under 35 U.S.C. §§ 271(b) and (c), either literally or under the doctrine of equivalents, and continue to do so. Defendants have knowledge of the 878 Patent and notice of their infringement thereof. Defendants actively induce their customers to purchase and use the Accused Products such that the customers directly infringe the 878 Patent. For example, Defendants provide manuals to their customers instructing them to use the Accused Products to directly infringe the Asserted Claims of the 878 Patent, including, for example, to take or record certain types of video.[2] Defendants further assist customers in installing, maintaining, testing, and using the Accused Products such that customers directly infringe the 878 Patent. Defendants also contribute to others practicing the 878 Patent because Defendants sell and offer to sell the Accused Products for use in practicing the 878 Patent and

---

[2] *See, e.g.*, https://global-download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_2.0_A_A.pdf?acerid=637723024218539895&Step1=NOTEBOOK&Step2=SPIN&Step3=SP513-41N&OS=ALL&LC=en&BC=ACER&SC=PA_6 at 12.

Defendants know that the Accused Products are especially made or adapted to practice the Asserted Claims and are not staple articles of commerce suitable for substantial non-infringing use.

32. As a result of Defendants' infringing conduct, VideoLabs has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284, including past damages under 35 U.S.C. § 287.

## COUNT III
### (Infringement of U.S. Patent No. 8,208,542)

33. VideoLabs re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

34. The 542 Patent was duly and legally issued for "Moving Picture Coding Method and Moving Picture Decoding Method" on June 26, 2012. The 542 Patent is in full force and effect. A true and correct copy of the 542 Patent is attached hereto as Exhibit 5.

35. VideoLabs is the assignee and owner of the 542 Patent with the exclusive right to enforce the 542 Patent against Defendants and the exclusive right to collect damages from Defendants for infringement of the 542 Patent for all relevant times, including the right to prosecute this action.

36. On information and belief, Defendants directly infringe, and have directly infringed, all claims of the 542 Patent either literally or under the doctrine of equivalents, without authority, consent, right, or license, by making, using, offering to sell, or selling within the United States, or importing into the United States, the Accused Products.

37. As shown in the claim chart attached hereto as Exhibit 6, the Accused Products practice all elements of at least claim 1 of the 542 Patent. Exhibit 6 is representative of the manner of infringement of all of Defendants' Accused Products.

38. Defendants also actively induce and/or contribute to, and have induced and/or contributed to, infringement of the 542 Patent under 35 U.S.C. §§ 271(b) and (c), either literally or under the doctrine of equivalents, and continue to do so. Defendants have knowledge of the 542 Patent and notice of their infringement thereof. Defendants actively induce their customers to purchase and use the Accused Products such that the customers directly infringe the 542 Patent. For example, Defendants provide manuals to their customers instructing them to use the Accused Products to directly infringe the Asserted Claims of the 542 Patent, including, for example, to take or record certain types of video.[3] Defendants further assist customers in installing, maintaining, testing, and using the Accused Products such that customers directly infringe the 542 Patent. Defendants also contribute to others practicing the 542 Patent because Defendants sell and offer to sell the Accused Products for use in practicing the 542 Patent and Defendants know that the Accused Products are especially made or adapted to practice the Asserted Claims and are not staple articles of commerce suitable for substantial non-infringing use.

39. As a result of Defendants' infringing conduct, VideoLabs has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable

---

[3] *See, e.g.*, https://global-download.acer.com/GDFiles/Document/User%20Manual/User%20Manual_Acer_2.0_A_A.pdf?acerid=637723024218539895&Step1=NOTEBOOK&Step2=SPIN&Step3=SP513-41N&OS=ALL&LC=en&BC=ACER&SC=PA_6 at 12.

royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284, including past damages under 35 U.S.C. § 287.

## COUNT IV
### (Infringement of U.S. Patent No. 7,372,452)

40. VideoLabs re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

41. The 452 Patent was duly and legally issued for "Portable Terminal Capable of Displaying Data in an Upright Direction Regardless of Rotation of Screen and Method Therefore" on May 13, 2008.  The 452 Patent is in full force and effect.  A true and correct copy of the 452 Patent is attached hereto as Exhibit 7.

42. VideoLabs is the assignee and owner of the 452 Patent with the exclusive right to enforce the 452 Patent against Defendants and the exclusive right to collect damages from Defendants for infringement of the 452 Patent for all relevant times, including the right to prosecute this action.

43. On information and belief, Defendants directly infringe, and have directly infringed, at least claims 1-6 and 12-18 of the 452 Patent either literally or under the doctrine of equivalents, without authority, consent, right, or license, by making, using, offering to sell, or selling within the United States, or importing into the United States, the Accused Products.

44. As shown in the claim chart attached hereto as Exhibit 8, the Accused Products practice all elements of at least claim 1 and claim 13 of the 452 Patent.  Exhibit 8 is representative of the manner of infringement of all of Defendants' Accused Products.

45. Defendants also actively induce and/or contribute to, and have induced and/or contributed to, infringement of the 452 Patent under 35 U.S.C. §§ 271(b) and (c), either literally or under the doctrine of equivalents, and continue to do so.  Defendants have knowledge of the

452 Patent and notice of their infringement thereof. Defendants actively induce their customers to purchase and use the Accused Products such that the customers directly infringe the 452 Patent. For example, Defendants provide manuals to their customers instructing them to use the Accused Products in a manner to practice the Asserted Claims of the 452 Patent, including, for example, to rotate the devices while keeping the display upright.[4] Defendants further assist customers in installing, maintaining, testing, and using the Accused Products such that customers directly infringe the 452 Patent. Defendants also contribute to others practicing the 452 Patent because Defendants sell and offer to sell the Accused Products for use in practicing the 452 Patent and Defendants know that the Accused Products are especially made or adapted to practice the Asserted Claims and are not staple articles of commerce suitable for substantial non-infringing use.

46.     As a result of Defendants' infringing conduct, VideoLabs has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284, including past damages under 35 U.S.C. § 287.

## PRAYER FOR RELIEF

**WHEREFORE**, VideoLabs respectfully requests that the Court:

A.     Enter a judgment that Defendants infringe each of the Asserted Patents;

B.     Permanently enjoin Defendants, their parents, subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all

---

[4] *See, e.g.*, https://store.acer.com/en-us/spin-5-laptop-sp513-55n-70v2; https://community.acer.com/en/kb/articles/14726-how-to-rotate-your-screen-in-windows#auto-rotation.

    others in active concert or participation with them from infringing the Asserted Patents;

C. Order an award of damages to VideoLabs in an amount no less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

D. Enter a judgment that the infringement was willful and order treble damages;

E. Order an accounting to determine the damages to be awarded to VideoLabs as a result of Defendants' infringement, including an accounting for infringing sales not presented at trial and award additional damages for any such infringing sales;

F. Find that this case is exceptional and award VideoLabs its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285; and

G. Grant such other and further relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

VideoLabs hereby respectfully requests a trial by jury of all issues so triable, pursuant to Fed. R. Civ. P. 38.

Date:  June 30, 2022

Respectfully submitted,

/s/ *Max Ciccarelli*

William D. Belanger*
Gregory D. Len*
Frank D. Liu*
Griffin Mesmer*
Ana Spone*
Troutman Pepper Hamilton Sanders LLP
19th Floor, High Street Tower
125 High Street
Boston, Massachusetts 02110
Tel:  617.204.5100
Emails:   william.belanger@troutman.com
gregory.len@troutman.com
frank.liu@troutman.com
griffin.mesmer@troutman.com
ana.spone@troutman.com

Ryan C. Deck*
Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, New Jersey 08540
Tel: 609.452.0808
Email:   ryan.deck@troutman.com

* *Pro hac vice* motion to be filed.

Max Ciccarelli
   State Bar No. 00787242
Ciccarelli Law Firm LLC
100 N 6th Street, Suite 502
Waco, Texas 76701
Tel:  214.444.8869
Email:  Max@CiccarelliLawFirm.com

**Counsel for Plaintiff**
**VideoLabs, Inc.**